UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-139-TAV-DCP |
| | ) | |
| KEVIN SCOTT HILLARD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Kevin Scott Hillard's Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 19], filed on September 23, 2025.

Defendant requests the Court to continue the plea deadline, set for September 22, 2025, and the trial date, set for October 21, 2025 [*Id.*]. In support of this motion, Defendant's counsel states that they are in good communication with the government and will continue to work to reach a resolution in this matter [*Id.* ¶ 1]. Despite due diligence, the parties request additional time to negotiate a potential resolution [*Id.*]. Defendant is detained remotely in London, Kentucky, and securing legal visits at the remote facility has been difficult due to their staffing issues and lack of available appointment times [*Id.*]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 3]. The Government does not oppose the request for a continuance [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs more time to consider and discuss a potential plea agreement with Defendant, and if those discussions are not fruitful, otherwise prepare for trial. The Court finds that all of this cannot occur before the October 21, 2025 trial date.

The Court therefore **GRANTS** Defendant Kevin Scott Hillard's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 19**]. The trial of this case is reset to **December 16, 2025**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 23, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Kevin Scott Hillard's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 19**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **December 16, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **September 23, 2025**, and the new trial date of **December 16, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 14, 2025**;

2

(5) the deadline for filing motions *in limine* is **December 1, 2025**. Responses to motions *in limine* are due on or before **December 9, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **December 2, 2025, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **December 5, 2025.**

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge