UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:24-CR-139-TAV-DCP |
| KEVIN SCOTT HILLARD, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Kevin Scott Hillard's Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 23], filed on November 12, 2025.

Defendant requests the Court to continue the plea deadline, set for November 14, 2025, and the trial date, set for December 16, 2025 [*Id.* at 1]. In support of his motion, Defendant states that his counsel and the Government are in good communication regarding his case and will continue to work toward a resolution in the matter [*Id.* ¶ 1]. Despite due diligence, the parties request additional time to negotiate a potential resolution [*Id.*]. Furthermore, Defendant is remotely detained in London, Kentucky, and states that securing legal visits at the remote facility has been difficult due to staffing issues and lack of available appointment times [*Id.*]. Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 4]. Defendant understands that the period of time between the filing of the motion to continue and the rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 3].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to receive and consider a formal plea offer, and if that does not resolve the case, otherwise prepare for trial. The Court finds that all of this cannot occur before the December 16, 2025 trial date.

The Court therefore **GRANTS** Kevin Scott Hillard's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 23**]. The trial of this case is reset to **February 24, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on November 12, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Kevin Hillard's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 23**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 24, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **November 12, 2025**, and the new trial date of **February 24, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 23, 2026**;

(5) the deadline for filing motions *in limine* is **February 9, 2026**. Responses to motions *in limine* are due on or before **February 17, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **February 10, 2026, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 13, 2026.**

**IT IS SO ORDERED.**

ENTER:

/s/ Debra C. Poplin
Debra C. Poplin
United States Magistrate Judge

3

Case 3:24-cr-00139-TAV-DCP    Document 24    Filed 11/18/25    Page 3 of 3    PageID #: 54