UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-139-TAV-DCP |
| | ) | |
| KEVIN SCOTT HILLARD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Kevin Scott Hillard's Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 25], filed on January 28, 2026.

Defendant asks the Court to continue the plea deadline, which is set for January 23, 2026, and the current trial date, which is set for February 24, 2026, for approximately sixty days [*Id*.]. In support of his motion, Defendant states that his counsel and the Government are in good communication regarding the case, but despite due diligence, the parties request additional time to continue negotiating towards a potential resolution of this matter [*Id*. ¶ 1]. Defendant states that he is aware of his right to a speedy trial and that he understands that the period of time between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 3]. The Government filed a Notice of No Objection to Defendant's Motion to Continue Trial and agreed that the ends of justice are best served by continuing this case [Doc. 27 p. 1].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to work towards a resolution of the case, and if that is not successful, otherwise prepare for trial. The Court finds that all of this cannot occur before the February 24, 2026 trial date.

The Court therefore **GRANTS** Defendant Hillard's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 25**]. The trial of this case is reset to **April 28, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on January 28, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Kevin Scott Hillard's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 25**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 28, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **January 28, 2026**, and the new trial date of **April 28, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 27, 2026**;

(5) the deadline for filing motions *in limine* is **April 13, 2026**, and responses to motions *in limine* or due on or before **April 21, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 9, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 17, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge