| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-139-TAV-DCP |
| | ) | |
| KEVIN SCOTT HILLARD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Kevil Scott Hillard's Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 29], filed on March 27, 2026.

Defendant asks the Court to continue the current trial date, which is set for April 28, 2026, and the plea deadline, set for March 27, 2026 [*Id.*]. In support of his motion, Defendant states that his counsel and the government are in good communication regarding this case and will continue to work to reach a resolution [*Id.* ¶ 1]. Despite due diligence, the parties request additional time to negotiate a potential resolution in this matter [*Id.*]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 3]. The motion reflects that the Government is aware that the request is being made [*Id.* ¶ 4].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both

result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to work towards a resolution of this matter, and if that is not successful, otherwise prepare for trial. The Court finds that all of this cannot occur before the April 28, 2026 trial date.

The Court therefore **GRANTS** Defendant Kevil Scott Hillard's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 29**]. The trial of this case is reset to **June 30, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on March 27, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Kevin Scott Hillard's Unopposed motion to Continue Deadlines and Trial Date [**Doc. 29**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 30, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **March 27, 2026**, and the new trial date of **June 30, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 29, 2026**;

(5) the deadline for filing motions *in limine* is **June 15, 2026**, and responses to motions *in limine* are due on or before **June 23, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 16, 2026, at 11:30 a.m.**; and

(7)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 19, 2026**.

   **IT IS SO ORDERED.**

                    ENTER:

                    _____
                    Debra C. Poplin
                    United States Magistrate Judge

3