UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-139-TAV-DCP |
| | ) | |
| KEVIN SCOTT HILLARD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Kevin Scott Hillard's Unopposed Motion to Continue Plea Deadline and Trial [Doc. 33], filed on June 5, 2026.

Defendant asks the Court to continue the current trial date, which is set for June 30, 2026, and the plea deadline, set for June 5, 2026 [*Id*. at 1]. In support of his motion, Defendant states that his counsel and the Government are in good communication regarding this case and will continue to work to reach a resolution in this matter [*Id.* ¶ 1]. Defendant explains that he has been undergoing significant medical treatment, and that the additional time is needed to further discuss the case with his counsel, as well as to continue to negotiate a potential resolution of this matter [*Id.*]. The motion reflects that the Government does not oppose the request [*Id.* ¶ 4]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 3].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C.

§ 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to work towards a resolution of this matter, discuss with Defendant, and if that is not successful, otherwise prepare for trial. The Court finds that all of this cannot occur before the June 30, 2026 trial date.

The Court therefore **GRANTS** Defendant Kevin Scott Hillard's Unopposed Motion to Continue Plea Deadline and Trial [**Doc. 33**]. The trial of this case is reset to **September 22, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on June 5, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Kevin Scott Hillard's Unopposed Motion to Continue Plea Deadline and Trial [**Doc. 33**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **September 22, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **June 5, 2026**, and the new trial date of **September 22, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 21, 2026**;

(5) the deadline for filing motions *in limine* is **September 8, 2026**, and responses to motions *in limine* are due on or before **September 15, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **September 8, 2026, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **September 11, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3